UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNETTE MURPHY, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:10CV90 JCH |
| SAINT LOUIS UNIVERSITY, | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss, filed March 22, 2010. (Doc. No. 10). The motion is fully briefed and ready for disposition.

On January 15, 2010, Plaintiff Lynette Murphy filed this action, pro se, against her former employer, Defendant Saint Louis University. (Doc. No. 1). In her Complaint, Plaintiff alleges race and age discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and the Missouri Human Rights Act. (Id.). Plaintiff further asserts she filed charges of discrimination with both the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on August 26, 2009, and that she received her right to sue letter on October 23, 2009. (Id., P. 3). Defendant filed the instant Partial Motion to Dismiss on March 22, 2010, asserting Plaintiff's claims under Title VII and the ADEA must be dismissed as untimely. (Doc. No. 10).

In order to maintain a Title VII claim, "an aggrieved employee is required to file suit within ninety (90) days after receipt of notice of right to sue from the Equal Employment Opportunity Commission." Luckett v. Herbster-Hellweg Painting, 2008 WL 2620894 at *1 (E.D. Mo. Jun. 27,

2008), citing 42 U.S.C. § 2000e-5(f)(1).[1]  Although she is pro se, Plaintiff is bound by the same rules of procedure as attorneys.  Id., citing Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000).

In the instant case, Plaintiff herself presents evidence that the EEOC issued her right to sue letter on August 26, 2009.[2]  (Doc. No. 1-1, P. 1).  Absent evidence to the contrary, it is presumed that Plaintiff received the notice three days after it was mailed.  Battle v. Federal Express Corp., 156 Fed. Appx. 877, 878 (8th Cir. 2005), citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n. 1 (1984) (per curiam); Luckett, 2008 WL 2620894 at *1.  Plaintiff claims she received the right to sue letter on October 23, 2009, but supports this allegation with only a general assertion that "issues with the Postal Services" take place in her neighborhood on a regular basis.  (Doc. No. 17, P. 2).  Such a general claim that mail sometimes is delayed is not sufficient to rebut the presumption that Plaintiff received the right to sue letter no later than August 29, 2009.[3]  Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1126 (9th Cir. 2007).  Plaintiff's Title VII and ADEA claims, filed well after the ninety days had elapsed, thus are time-barred and must be dismissed.  Williams v. Thomson Corp., 383 F.3d 789, 790-91 (8th Cir. 2004), cert. denied, 544 U.S. 951 (2005).[4]

---

[1] The same 90-day limitation applies to suits filed under the ADEA.  McIntosh v. Ameren UE, 2009 WL 3754158 at *2 (E.D. Mo. Nov. 5, 2009).

[2] The letter clearly warned Plaintiff of the requirement that she file suit within ninety days, as follows: "Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice, or your right to sue based on this charge will be lost."  (Doc. No. 1-1, P. 1 (emphasis in original)).

[3] The Court agrees with Defendant that the more likely scenario is the right to sue letter Plaintiff received on October 23, 2009, was from the MCHR, which admittedly issued its notice on October 20, 2009.  (See Doc. No. 1-1, P. 2).

[4] The Court's review of Plaintiff's submissions convinces it the facts of this case do not compel the application of equitable tolling of the 90-day limitation period.  Luckett, 2008 WL 2620894 at *2; Williams, 383 F.3d at 791; McIntosh, 2009 WL 3754158 at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Saint Louis University's Partial Motion to Dismiss (Doc. No. 10) is **GRANTED**, and Plaintiff's Title VII and Age Discrimination in Employment Act claims are **DISMISSED** with prejudice.

Dated this 13th day of May, 2010.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE