UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNETTE MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV0090 HEA |
| | ) |
| SAINT LOUIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Saint Louis University's ("SLU") Motion for Summary Judgment [Doc. 40]. Plaintiff Lynette Murphy responded to the motion by filing a *pro se* Motion to Set Aside Request for Summary Judgment [Doc. 43]. Defendant filed a reply memorandum in support of its Summary Judgment motion [Doc. 44]. For the reasons set forth below, the Motion is granted.

## Factual Background

Plaintiff failed to submit a statement of material facts as to which she contends a genuine issue exists, as required by Rule 4.01(E). As a result, for purposes of this motion plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999); see also Reasonover v. St. Louis County, Mo., 447 F.3d

569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)).

As such, the Court adopts Defendant's Statement of Uncontroverted Facts. The facts therefore set forth that Plaintiff, an African American female, began working for Defendant in November 1988. Throughout the course of her employment, Plaintiff was an at-will employee. Plaintiff transferred to the Registrar's office in or around August 1997. She held the position of Student Records Assistant for the duration of her employment in the Registrar's office. On Friday, August 14, 2009, Plaintiff was exchanging emails with her supervisor, Danielle Gross, regarding what Plaintiff's time sheet would reflect for that day because Plaintiff was leaving early and using vacation time. After adding two co-workers to her email, Plaintiff responded to Gross's email stating: "She is so messed up I feel sorry for her she is f*** dumbmer [sic] than a box of f*** rocks..." Plaintiff later testified that she was referring to Gross as dumber than a box of rocks in the email. Gross presented the email to Registrar John Jaffry and

forwarded the email to Kathleen O'Connell in Human Resources. On Monday, August 17, 2009, Gross and Jaffry met with Plaintiff regarding the email. During the meeting, Plaintiff admitted that she sent the email. Jaffry advised Plaintiff that he would discuss the incident with his boss, Vice Provost Boyd Bradshaw. The day after the email exchange, Plaintiff was placed on administrative leave while Dr. Bradshaw and Ken Fleischmann, Vice President of Human Resources, investigated the matter. Subsequently, Dr. Bradshaw made the decision to terminate Plaintiff for sending inappropriate, insubordinate, disrespectful emails. Fleischmann approved Dr. Bradshaw's decision to terminate Plaintiff. None of Plaintiff's immediate supervisors were involved in the decision.

On January 15, 2010, Plaintiff filed the present lawsuit which alleged race and age discrimination, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and the Missouri Human Rights Act ("MHRA"). Defendant filed a motion to dismiss Plaintiff's Title VII and ADEA claims which the Court, Judge Hamilton presiding, granted. As such, the remaining claims are race and age discrimination, hostile work environment and retaliation under the MHRA and race discrimination and retaliation under 42 U.S.C. § 1981.

3

## Discussion

### Race Discrimination

Plaintiff cites three different incidents where Defendant SLU discriminated against her based on race: (1) Plaintiff was not allowed to talk on her cell phone while working at the front desk, yet SLU employee Sandra Cooper was allowed to talk on her cell phone in 2006 while working at the front desk; (2) Plaintiff was overlooked for the position of Coordinator - Academic Certifications in lieu of Jennifer Matteson in 2007; and (3) Plaintiff was terminated in August 2009.

### Age Discrimination

Plaintiff alleges that she was discriminated by her supervisor, Danielle Gross, on the basis of her age.

### Retaliation

Plaintiff's retaliation claim alleges that she was retaliated against for filing a complaint with Jennifer Scheessele in Defendant SLU's Diversity and Affirmative Action office in January 2009.

### Hostile Work Environment

Plaintiff also alleges she was subject to a hostile work environment due to John Jaffry's determination to harass her.

4

## Summary Judgment Standard

The standard for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. With these standards in mind, the Court reviews the facts in this case.

"Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present

evidence sufficient to create a jury question as to an essential element of its claim."
*Arnold v. Nursing and Rehabilitation Center at Good Shepherd*, *LLC*, 471 F.3d 843, 846 (8th Cir.2006) (citation omitted). "To successfully parry the defendants' motion for summary judgment, [Plaintiff] must put forth either (1) proof of 'direct evidence' of discrimination; or (2) a prima facie case of unlawful discrimination through circumstantial evidence under the *McDonnell Douglas* burden-shifting test, and then rebutting any proffered nondiscriminatory reasons for the employment decision with sufficient evidence of pretext. *Griffith*, 387 F.3d at 736." *King v. Hardesty,* 2008 WL 539238, 4 (8th Cir. 2008).

A plaintiff in an employment discrimination case, therefore, may avoid summary judgment by following the *McDonnell Douglas* framework *or* by presenting direct evidence of discrimination. *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004). Direct evidence in this context must be strong enough to show "a specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the employment decision. *Thomas v. First Nat'l Bank of Wynne,* 111 F.3d 64, 66 (8th Cir.1997) (internal quotations omitted).

Direct evidence includes "evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting

6

the alleged discriminatory attitude," where it is sufficient to support an inference that discriminatory attitude more likely than not was a motivating factor. *Radabaugh v. Zip Feed Mills, Inc.,* 997 F.2d 444, 449 (8th Cir.1993) (internal quotations omitted).

If "the plaintiff lacks direct evidence of discrimination, the plaintiff may survive the defendant's motion for summary judgment by creating an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *McGinnis v. Union Pacific R.R.*, 496 F.3d 868, 873 (8th Cir.2007). "Under the McDonnell Douglas framework, a presumption of discrimination is created when the plaintiff meets his burden of establishing a prima facie case of employment discrimination. A minimal evidentiary showing will satisfy this burden of production." *Davis v. KARK-TV, Inc.,* 421 F.3d 699, 704 (8th Cir.2005). To establish his prima facie case of racial discrimination, Plaintiff must show: 1) he is a member of a protected class; 2) he met his employer's legitimate expectations; 3) he suffered an adverse employment action; and 4) similarly situated employees who were not members of the protected class were treated differently. *Higgins v. Gonzales,* 481 F.3d 578, 584 (8th Cir. 2007). Under this framework, Plaintiff bears the burden of establishing a prima facie case of discrimination. *McGinnis,* 496 F.3d at 873 (citation omitted).

7

"The establishment of a prima facie case creates a presumption of unlawful discrimination, which in turn requires a defendant to come forward with evidence of a legitimate, nondiscriminatory reason for the defendant's actions." *Id.* (citation omitted). "If the defendant articulates such a reason, the burden returns to the plaintiff to show the defendant's proffered reason is pretextual." *Id.* (citation omitted).

### *Race Discrimination Regarding Cell Phone Usage under § 1981 and MHRA*

Plaintiff has presented absolutely no evidence of race discrimination regarding her cell phone usage under § 1981 and MHRA, therefore, in order to withstand the motion for summary judgment, Plaintiff must satisfy the three prongs of the *McDonnell-Douglas* analysis. She alleges she was discriminated against on the basis of her race because Sandra Cooper, an employee of Defendant SLU, was allowed to talk on cell phone in 2006 when working at the front desk while Plaintiff was not. Plaintiff's assertion fails to prove that any adverse employment action took place. "A materially adverse action must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.' There must be a material change in employment status–a reduction in title, salary, or benefits." *Box v. Pincipi,* 442 F.3d 692, 696 (8th Cir. 2006) (quoting *Wenzel v. Missouri-American Water Co.* 404 F.3d 1038, 1042 (8th Cir. 2005)). "[N]ot everything that makes an

8

employee unhappy is an actionable adverse action." *Russell v. Shop 'N Save Warehouse Foods, Inc.,* 2010 WL 1462086 (E.D. Mo, 2010).

Plaintiff's evidence establishes nothing more than Defendant SLU implementing a policy which prohibited Plaintiff from using her personal cell phone during her shifts at the front desk. Plaintiff offers no evidence that any material adverse action took place. Moreover, Plaintiff offered no evidence that similarly situated employees were treated differently. She contends that Sandra Cooper was allowed to use her cell phone at the desk; however, Plaintiff testified in deposition that Cooper was a supervisor. *See* Defendant's Statement of Uncontroverted Facts, ¶¶ 79, 80. Plaintiff was not a supervisor, therefore, they were not similarly situated. Additionally, Plaintiff testified that she had no knowledge as to whether Cooper was disciplined or not. *Id.*

Plaintiff also brings this claim under the MHRA. Pursuant to Mo. Rev. Stat. §213.075(1), "[a] person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with a commission a verified complaint in writing, within one hundred eighty (180) days of the alleged act of discrimination..." Plaintiff brought this MHRA claim in 2006, almost three years after the alleged conduct. As such, this claim is time-barred and Plaintiff's race

discrimination claims regarding her cell phone usage fails under § 1981 and MHRA. Defendant is entitled to summary judgment.

*Failure to Promote Claim Under § 1981 and MHRA*

Plaintiff has presented no direct evidence of race discrimination due to failure to promote under § 1981 and MHRA; therefore, in order to withstand the motion for summary judgment, she must satisfy the three prongs of the *McDonnell-Douglas* analysis.

Plaintiff alleges that Defendant SLU hired Jennifer Matteson for the Coordinator–Academic Certification position instead of Plaintiff due to her race. This is the basis of her failure to promote claim, although she does not allege that Defendant SLU actually failed to promote her because of her race. Defendant offers evidence that the reason Matteson was hired was due to the fact that she had prior experience using degree audit tool CAPP and Plaintiff did not. Based on Plaintiff's deposition, it is undisputed that she did not have any experience using the CAPP program. The CAPP program experience was crucial to the Coordinator position, as one of the job responsibilities was to certify both veterans and student athletes. As such, Plaintiff has failed to establish a *prima facie* case of failure to promote because she failed to offer evidence that (a) Matteson was similarly situated, and (b) pretext exists.

Plaintiff's MHRA claim also fails. As discussed above, "[a] person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with a commission a verified complaint in writing, within one hundred eighty (180) days of the alleged act of discrimination..." Mo. Rev. Stat. §213.075(1). Plaintiff applied for the Coordinator job in December 2007, and she filed her Charge of Discrimination in August 2009. Clearly, the 180 day window had elapsed by the time Plaintiff filed her Charge. As such, this claim is time-barred and Plaintiff's race discrimination claims regarding failure to promote fails under § 1981 and MHRA, and Defendant is entitled to summary judgment.

***Racially Discriminatory Discharge Claim Under § 1981 and MHRA***

Plaintiff has presented absolutely no direct evidence of race discrimination regarding her termination under § 1981; therefore, in order to withstand the motion for summary judgment, Plaintiff must satisfy the three prongs of the *McDonnell-Douglas* analysis.

Plaintiff has failed to establish a *prima facie* case of racially discriminatory discharge. She fails to establish that her performance met Defendant SLU's legitimate performance expectations, and she fails to point to any similarly situated employees who were treated differently. It is undisputed that Plaintiff sent her supervisor, and two co-workers, an email in which she called her supervisor "f***

11

dumbmer [sic] than a box of f*** rocks." Plaintiff admitted that the management's interpretation of her email as calling supervisor Gross "dumber than a fucking box of rocks" was accurate. *See* Defendant's Statement of Uncontroverted Facts, ¶54. Relying on SLU's Code of Ethics that its employees are expected to follow, former Vice Provost for Enrollment Management decided that the emails Plaintiff sent about her supervisor were inappropriate, insubordinate and disrespectful.

Likewise, Plaintiff has failed to produce any evidence that similarly situated employees were treated differently under the same set of circumstances. There is no evidence in the record before the Court which demonstrates that Caucasian employees were merely warned for similar incidents, nor is there any evidence that other Caucasian employees sent emails calling their supervisor "dumbmer [sic] than a box of f*** rocks" like Plaintiff's and were not discharged.

Even if the Court was to assume, *arguendo,* that Plaintiff could establish her *prima facie* case, Defendant has established legitimate, nondiscriminatory reasons for terminating Plaintiff's employment. Defendant has established that it terminated Plaintiff for failing to follow the University's Code of Ethics by sending an inappropriate, insubordinate and disrespectful email. When Plaintiff sent the email referring to supervisor Gross as "dumbmer [sic] than a box of f*** rocks", Defendant was within its purview to discharge Plaintiff.

The burden, again shifts back to Plaintiff to establish that the reason given was in fact a pretext for the discrimination. Under the *McDonnell-Douglas* analysis, Plaintiff must present evidence that this reason is a pretext for improper discrimination. To satisfy this burden in the context of a properly supported motion for summary judgment, the plaintiff must "identify specific facts in the record showing that the offered reason was merely pretext and that illegal [discrimination] was the true motivating factor." *Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113 (8th Cir.2004) (per curiam). "Merely disputing [the employer's] reason is insufficient[.]" *Stuart v. General Motors Corp,* 217 F.3d 612, 634 (8th Cir. 2000). Plaintiff nowhere refutes these reasons with admissible evidence, and makes no effort to show they are pretextual; therefore, Plaintiff can produce no admissible evidence to establish pretext.

Plaintiff's MHRA claim also fails. To survive a summary judgment motion here, Plaintiff must demonstrate a genuine issue of material fact as to whether race was a "contributing factor" in her termination. *Hood v. Aaron Rents, Inc.,* 2009 WL 4828709 (E.D. Mo., 2009). For all of the reasons discussed above, Plaintiff cannot establish she was meeting Defendant SLU's legitimate expectations. Additionally, she cannot establish that her protected category was a contributing factor in SLU's decision to terminate. *See Farnsworth v. Covidien,* 2010 WL

147812 (E.D. Mo., 2010). As such, Plaintiff's racially discriminatory discharge claims fail under § 1981 and MHRA, and Defendant is entitled to summary judgment.

*Age Discrimination Claim*

Plaintiff alleges that she was discriminated by her supervisor, Danielle Gross, on the basis of her age. Plaintiff contends that Gross was younger than her but expected her to follow instructions regardless of whether they were right or wrong. Under the MHRA, employers are prohibited from discriminating against employees based on their age. It is unlawful to "fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... age ..." Mo. Rev. Stat. § 213.055(1). "[P]laintiff can prove discrimination by showing age or any protected characteristics was a *contributing* factor for the employment action 'regardless if others also exist.'" *Stanly v. JerDen Foods, Inc.,* 263 S.W.3d 800, 803-804 (Mo.App. W.D.2008) (quoting *McBryde* v. *Ritenour Sch. Dist.*, 207 S.W.3d 162, 170 (Mo.App. E.D.2006).

In this case, Plaintiff has failed to demonstrate any adverse employment action that Defendant SLU, or Gross, took against Plaintiff because of her age. At most, she alleges that she was expected to follow the instructions of Gross, who is

younger than Plaintiff, regardless of whether they were right or wrong. She alleges no adverse employment action. Plaintiff admitted in deposition that she was never issued discipline because of her age. *See* Defendant's Statement of Uncontroverted Facts, ¶53. Furthermore, she cannot identify any employees that were treated better than her because they were younger. As such, Plaintiff's age discrimination charge fails under MHRA, and Defendant is entitled to summary judgment.

*Retaliation Claim*

Plaintiff's retaliation claim alleges that she was retaliated against for filing a complaint with Jennifer Scheessele in Defendant SLU's Diversity and Affirmative Action office in January 2009. She contends that she was being harassed not due to race, age or gender, but because when she would receive written discipline from her supervisors, she would submit rebuttals alleging that the discipline was unfair. To establish a *prima facie* case for retaliation under § 1981, she must show that she (1) engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *Takele v. Mayo Clinic,* 576 F.3d 834, 839 (8th Cir.2009). Here, Plaintiff did not complain to Scheessle that she was being discriminated based on her race or age. Thus, she did not engage in protected activity because she didn't complain about any practice made unlawful under either § 1981 or the MHRA. Nowhere in

her retaliation charge does she allege harassment or discrimination based on her membership of a protected class. Plaintiff fails to show she engaged in protected activity, and she fails to show a causal connection between the alleged protected activity and the adverse employment action. As such, Plaintiff's age discrimination charge fails and Defendant is entitled to summary judgment.

*Hostile Work Environment Claim*

Plaintiff also alleges she was subject to a hostile work environment due to John Jaffry's determination to harass her. She testified that Jaffry was motivated to harass her due to a 2006 incident where she blew the whistle with respect to certain Registrar's office employees registering for classes and not taking them. To prevail on a hostile work environment claim under § 1981 and MHRA, Plaintiff must show that : (1) she was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and her membership in the protected group; and (4) the harassment affected a term, condition, or privilege of her employment; (5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Jenkins v. Winter,* 540 F.3d 742, 748-749 (C.A.8 Mo. 2008).

Plaintiff's hostile work environment claim fails to show a causal nexus between the harassment and her membership of the protected group. Specifically,

neither in her deposition nor her response brief, did she argue that the alleged harassment was due to some protected category. Instead she argues that she was harassed due to blowing the whistle on alleged fraudulent behavior occurring in the Registrar's office. This claim is not actionable under § 1981 or the MHRA. Assuming, *in arguendo*, that Plaintiff successfully established a causal nexus between the conduct and a protected status, the alleged conduct she takes issue with was not severe enough to give rise to a hostile work environment claim. Claims of this nature "must meet demanding standards and courts are to filter out those complaints concerning ordinary tribulations of the workplace." *Anderson v. Durham D&M, L.L.C.,* 606 F.3d 513, 519 (C.A.8 Mo. 2010). Plaintiff's complaint that Jaffry and Matt Gerst talked to her because she abandoned her work area at 5:00 pm after volunteering to work overtime falls into the ordinary workplace tribulations of the workplace as discussed in *Anderson.* Additionally, her complaint that Jaffry counseled her one time about wearing blue jeans to work also falls into *Anderson* conduct. As held in *O'Brien v. Dept. of Agriculture*, 532 F.3d 805, 809 (8th Cir. 2008), generally, increased scrutiny is insufficient to give rise to a hostile work environment claim. All of Plaintiff's allegations under this claim amount to nothing more than mere scrutiny. As such, Plaintiff's hostile work environment claim fails and Defendant is entitled to summary judgment.

## **Conclusion**

Plaintiff has failed to satisfy her burden under the *McDonnell-Douglas* paradigm requiring that she establish a genuine issue of material fact regarding whether the articulated reasons given for her termination were a pretext for discrimination. She admits that she was terminated because of the emails she sent about her supervisor, and she has no evidence that her race, age, or any protected status played any role in any adverse employment action taken against her. As such, Defendant is entitled to judgment as a matter of law.

**IT IS HEREBY ORDERED** that St. Louis University's Motion for Summary Judgment [Doc. 40] is **GRANTED.**

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 4th day of August, 2011.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE